UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ARAMINTA ROA,                              x  Civil Action No. 7:16-cv-
                                           :  01745-VB
                       Plaintiff,          :
                                           :  AMENDED COMPLAINT
      -against-                            :
                                           :  PLAINTIFF DEMANDS
                                           :  A TRIAL BY JURY
STAPLES, INC., STAPLES THE OFFICE          :
SUPERSTORE EAST, INC., AND STAPLES         :
CONTRACT AND COMMERCIAL INC.,              :
                                           :
                                           x
                       Defendants.
-------------------------------------------------------------------

## I. INTRODUCTORY STATEMENT

1.  Plaintiff, Araminta Roa, a female, fifty-one years of age, who suffers from permanent neck, back, shoulder and spinal disabilities, seeks redress for discrimination on account of her disability suffered by her in violation of the Constitution and laws of the United States in her capacity as an employee of Defendant Staples.

## II. JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. Sections 1331 and 1343, this being a suit based upon the provisions of Title I of the Americans With Disabilities Act of 1990, 42 U.S. C. 12111, *et seq.*, as amended. In addition, pursuant to 28 U.S.C. Section 1367(1), Plaintiff invokes the Court's supplemental jurisdiction regarding state law claims arising under the New York State Human Rights Law, N.Y. Executive Law, Article 15, Section 290 *et seq*.

3.  Venue is proper in this district because Defendant maintains an office here and is

doing business here, and because Plaintiff resides here.

### III. PARTIES

4. Plaintiff Araminta Roa is a female, fifty-one years of age, residing at 22 Gail Place, Newburgh, New York 12550.

5. Staples, Inc., Staples The Office Superstore East, Inc., and Staples Contract and Commercial Inc., (collectively "Defendant"), a nationwide retailer of office supplies, upon information and belief, are New York Corporations or foreign corporations authorized to do business in New York, with a place of business located at 100 Hadden Drive, Montgomery, New York 12549.

### IV. FACTS

6. Plaintiff was employed by Defendant as a Production Picker and Bulk Associate from May 10, 2004 until her discharge on July 13, 2015.

7. Plaintiff always performed her duties satisfactorily with care and success, despite her disabilities.

8. In or about 2013, as a result of heavy lifting and other physical demands of her job, Plaintiff developed severe neck, back, shoulder and spinal disability for which she was required to take heavy prescription medication, including Vicodin, twice daily, and other narcotic medication, in order to perform the duties of her job, which she continued to perform in a satisfactory manner.

9. As Plaintiff's condition worsened, her doctors placed increasing restrictions on the weight of packages she could lift, which restrictions led to her being placed on light duty.

10. During this time, Plaintiff's supervisor Francisco Upia ("Upia") manifested, in the form of verbal statements, physical gestures, facial expressions and actions taken, increasing dissatisfaction with Plaintiff's inability to carry her previous workload as a consequence of her disabilities and an accompanying hostility toward her and desire to be rid of her.

11. It was Defendant's policy to prohibit employees using narcotics from driving machinery, and yet, in one of an array of displays of his antipathy toward Plaintiff on account of her disabilities, Upia, in the face of his full knowledge both of that policy and of the narcotic medications Plaintiff was taking, violated that policy by improperly continuing to assign Plaintiff to drive machinery. Only when Plaintiff submitted a letter from her physician specifically restricting her from engaging in such activity did Upia finally cease wrongfully assigning her such duty.

12. Thus, when presented with a pretext to terminate Plaintiff, despite the gross absurdity and transparency thereof, Defendant leaped at it.

13. On July 9, 2015, at just past midnight, while hurriedly leaving work after completing a full shift to meet someone waiting to drive her home, Plaintiff stopped at the employee refrigerator in the cafeteria to retrieve a bag of potato chips that her sister, also a Staples employee, had told her she had left for her, in conformity with her sister's daily practice to leave snacks for Plaintiff there.

14. In her rush and entirely by mistake, Plaintiff apparently took a bag of potato chips belonging to another employee, but which she had assumed was the bag thereof that her sister had left for her.

15. The following Monday, Plaintiff was advised by Staples Human Resources Representative Nicole Barchi that a surveillance camera had recorded her removing the potato

chips from the refrigerator, placing them under her arm allegedly to conceal the theft, and exiting the premises; and that, as a direct consequence thereof, Plaintiff was being discharged for theft of another employee's property.

16. Plaintiff was denied any opportunity to explain. Nor to Plaintiff's knowledge was any other inquiry made by Defendant into this matter.

17. Had Ms. Barchi, or any other employee of Defendant, not precluded Plaintiff from providing an explanation or from viewing the alleged videotape, she or they would have readily learned the true facts as set forth above, as well as the fact that the actual reason Plaintiff placed the bag of chips under her arm was not in any way to hide it, but rather simply to accommodate an injury to her thumb that made it difficult for her to hold the bag otherwise. Defendant would also have learned, if it was not already aware thereof, that Plaintiff, along with her fellow employees, were well aware of the presence of the surveillance camera near the refrigerator, so that it would be manifestly unreasonable for Defendant or anyone else to believe that Plaintiff would be so foolish as to commit an alleged act of larceny in full view of it.

18. Defendant opposed Plaintiff's application for unemployment insurance benefits on the ground that she was discharged for misconduct arising from the alleged burglary of the potato chips.

19. The New York State Unemployment Insurance Appeal Board, in rejecting Defendant's misconduct claim and granting Plaintiff unemployment insurance benefits, ruled that there was no evidence to deny her benefits, as the matter of the potato chips was an innocent mistake on Plaintiff's part and nothing more.

20. Plaintiff was terminated on or about July 3, 2015, allegedly for theft.

21. Defendant's stated reason for discharging Plaintiff is manifestly false and a contrived pretext to discriminate against her based upon her disabilities.

22. Plaintiff is the victim of disability discrimination.

23. Plaintiff has been denied equal terms, conditions and privileges of employment by reason of her disabilities.

24. On or about January 28, 2015, the EEOC issued Plaintiff a Notice of Right to Sue, and Plaintiff thereafter commenced the within action.

25. The act of Defendant of discharging Plaintiff in violation of the Americans With Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL") has caused Plaintiff to be permanently and irreparably harmed, and damaged and cost her wages, bonuses, savings benefits, insurance coverage, profit-sharing and pension benefits, among other losses, as a result of the illegal discrimination.

## V. FIRST CLAIM FOR RELIEF

26. Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "25" of this Complaint.

27. As a result of the willfully discriminatory actions of Defendant, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the ADA.

## VI. SECOND CLAIM FOR RELIEF

28. Plaintiff herewith realleges and incorporates by reference paragraphs "1" through "27" of this Complaint.

29. As a result of the willfully discriminatory actions of Defendant, Plaintiff has been deprived of employment opportunities and her civil rights in violation of the NYSHRL.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A. Pursuant to the FIRST CLAIM FOR RELIEF against Defendant:

1. That the Court find and declare that Plaintiff has suffered from acts of discrimination at the hands of Defendant, its agents, servants and employees;

2. That Plaintiff be awarded the back pay she would have earned had she not been discharged, together with related monetary benefits and other compensatory damages resulting from Defendant's intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

3. That Plaintiff be awarded punitive damages for Defendant's willful violation of the ADA;

4. That Defendant pay Plaintiff compensatory damages for pain and suffering, mental anguish, humiliation, and emotional distress incurred as a result of Defendant's unlawful conduct;

5. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including reinstatement and/or front pay; and

6. That Defendant pay interest and Plaintiff's costs of this suit, together with reasonable attorneys' fees.

B. Pursuant to the SECOND CLAIM FOR RELIEF against Defendant:

7. That the Court find and declare that Plaintiff has suffered from acts of discrimination at the hands of Defendant, its agents, servants and employees;

8. That Plaintiff be awarded the back pay she would have earned had she not been

discharged, together with related monetary benefits and other compensatory damages resulting from Defendant's intentional, willful and malicious conduct, including, but not limited to, damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

9. That Defendant pay Plaintiff compensatory damages for pain and suffering, mental anguish, humiliation, and emotional distress incurred as a result of Defendant's unlawful conduct;

10. That the Court order such further relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, including front pay; and

11. That Defendant pay interest and Plaintiff's costs of suit, together with reasonable attorneys' fees.

## VIII.  DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

Dated: White Plains, New York  
April 5, 2016

BERNBACH LAW FIRM PLLC

By: _____  
JASON BERNBACH (JLB-3392)  
JEFFREY BERNBACH (JB-5131)  
Attorneys for Plaintiff  
707 Westchester Avenue, Suite 411  
White Plains, New York 10604  
(914) 422-5717